## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., [1]<br><br>        Debtor. | Chapter 11<br>Case No. 24-10153 (MFW)<br>(Joint Administration Requested) |
| In re:<br><br>ADAMIS CORP.,<br><br>        Debtor. | Chapter 11<br>Case No. 24-10154 (MFW)<br>(Joint Administration Requested) |
| In re:<br><br>ADAMIS PHARMACEUTICALS CORP.,<br><br>        Debtor. | Chapter 11<br>Case No. 24-10155 (MFW)<br>(Joint Administration Requested) |
| In re:<br><br>BIOSYN, INC.,<br><br>        Debtor. | Chapter 11<br>Case No. 24-10156 (MFW)<br>(Joint Administration Requested) |
| In re:<br><br>RHOMBUS PHARMACEUTICALS CORP.<br><br>        Debtor. | Chapter 11<br>Case No. 24-10157 (MFW)<br>(Joint Administration Requested) |
| In re:<br><br>US COMPOUNDING, INC.<br><br>        Debtor. | Chapter 11<br>Case No. 24-10158 (MFW))<br>(Joint Administration Requested) |

## ORDER AUTHORIZING AND DIRECTING JOINT
## ADMINISTRATION OF RELATED CHAPTER 11 CASES

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corporation ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Scali Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rule 1015(b), and Local Rule 1015-1, directing joint administration of these cases and administratively consolidating the respective Chapter 11 Cases of each Debtor for procedural purposes only, all as further described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon consideration of the First Day Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The Debtors' Chapter 11 Cases shall be (a) jointly administered pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 and (b) consolidated for procedural purposes only.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion

3.      The Clerk of the Court shall maintain one (1) file and one (1) docket for all of the Debtors' Chapter 11 Cases, which file and docket shall be the file and docket for the Chapter 11 Case of debtor DMK Pharmaceuticals Corporation, Case No. 24- 10153 (MFW).

4.      The pleadings filed in the Debtors' Chapter 11 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DMK PHARMACEUTICALS CORP., *et al.,*[1]<br><br>   Debtors. | Chapter 11<br><br>Case No. 24-10153 (MFW)<br><br>(Jointly Administered) |

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corporation ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Scali Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

5.      Parties in interest are directed to use the proposed caption as indicated in the preceding paragraph when filing pleadings with the Court in these Chapter 11 Cases and all original docket entries shall be made in the case of DMK Pharmaceuticals Corporation, 24-10153 (MFW). The caption set forth in the preceding paragraph satisfies the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) in all respects.

6.      The Clerk of the Court shall make a separate docket entry on each of the dockets of each Debtor other than DMK Pharmaceuticals Corporation, substantially similar to the following to reflect the joint administration of the Chapter 11 Cases:

An order has been entered in this case consolidating this case with
the case of DMK Pharmaceuticals Corporation, 24-10153 (MFW),

for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 24-10153 (MFW) should be consulted for all matters affecting this case.

7.     Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor allegedly obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of these Chapter 11 Cases.

9.     All schedules of assets and liabilities, statements of financial affairs, and proofs of claim shall be captioned and filed in the respective case of the relevant Debtor. All other documents shall be captioned and filed solely in the lead case unless otherwise ordered by the Court.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Order is effective immediately upon its entry and the Clerk of the Court is hereby directed to enter this Order on the docket in each case.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Dated: February 6th, 2024**
**Wilmington, Delaware**

**MARY F. WALRATH**
**UNITED STATES BANKRUPTCY JUDGE**