# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DMK PHARMACEUTICALS CORP., *et al.,* [1] | Case No. 24-10153 (MFW) (Jointly Administered) |
| Debtors. | |

## NOTICE OF BAR DATES FOR FILING PROOFS OF CLAIM AGAISNT THE DEBTORS

**PLEASE TAKE NOTICE THAT:**

On February 2, 2024 (the "Petition Date"), the following debtors and debtors in possession (the "Debtors") filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Delaware (the "Court"):

| DMK Pharmaceuticals Corporation | Case No. 24-10153 (MFW) |
|---|---|
| Adamis Corporation | Case No. 24-10154 (MFW) |
| Adamis Pharmaceuticals Corporation | Case No. 24-10155 (MFW) |
| Biosyn, Inc. | Case No. 24-10156 (MFW) |
| Rhombus Pharmaceuticals Corporation | Case No. 24-10157 (MFW) |
| US Compounding, Inc. | Case No. 24-10158 (MFW) |

On March 22, 2024, the Court, having jurisdiction over the Debtors' chapter 11 cases, has entered an order (the "Bar Date Order") [D.I. 176] establishing the following deadlines for filing certain prepetition claims in the Debtors' chapter 11 cases:

(i) **April 24, 2024, at 4:00 p.m. prevailing Eastern Time** as the deadline (the "General Bar Date") to file a proof of claim in respect of any prepetition claim against any of the Debtors, including, without limitation, any secured claim, unsecured claim, priority claim, or claim asserted under section 503(b)(9) of the Bankruptcy Code for goods delivered and received by any of the Debtors within 20 days of the Petition Date, unless otherwise provided in the Bar Date Order.

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Scali Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

1

(ii) **July 31, 2024, at 4:00 prevailing Eastern Time** as the deadline (the "Government Bar Date") by which a governmental unit must file a proof of claim in respect of a prepetition claim against any of the Debtors;

(iii) the later of (a) the General Bar Date or the Government Bar Date (if applicable) and (b) the date set forth in an order authorizing the Debtors to reject such contract or lease pursuant to Bankruptcy Code section 365 (including any order confirming a plan in the Debtors' Chapter 11 Cases); or, if no specific date is set forth, thirty (30) days from the date the rejection order or filing of the rejection notice is served on the affected claimant pursuant to a rejection procedures order, if applicable (the "Rejection Bar Date");

(iv) the later of (i) the General Bar Date and (ii) twenty-one (21) days from the date on which the Debtors serve notice of an amendment to its Schedules and Statements (such date, the "Amended Schedules Bar Date") as the deadline for a person or entity whose claim is affected by such amendment to file, amend, or supplement a proof of claim with respect to such claim, provided that any amendment to the Schedules to include the intercompany amount owed among the Debtor entities shall not extend the General Bar Date.

**Who Must Submit a Prepetition Claim.** Except as otherwise set forth herein, the following persons or entities asserting claims against the Debtors arising, or deemed to arise, before the Petition Date are required to file proofs of claim by the applicable Bar Date (regardless of whether such claims are secured or unsecured, priority or nonpriority, or otherwise) if such persons or entities wish to be treated as creditors with respect to such claims for the purposes of voting and distribution in these cases:

a. any Person or Entity whose claim is not listed on the applicable Debtors Schedules;

b. any Person or Entity whose claim is listed on the applicable Debtor's Schedules as "contingent," "unliquidated," or "disputed," if such Person or Entity desires to share in any distribution in the Chapter 11 Cases;

c. any Person or Entity who believes that their claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have their claim allowed in a different classification or amount other than that identified in the Schedules;

d. any Person or Entity whose claim is identified on the incorrect Debtor's Schedules, or not identified on the Schedules of all Debtors against whom the entity desires to, and has a basis to, assert such claim

e. any Person or Entity that believes that its claim against the Debtors is or may be entitled to administrative expense priority pursuant to Bankruptcy Code section 503(b)(9), regardless of whether such claim is or is not listed in the Debtors' Schedules;

f. any Person or Entity who asserts a claim arising from the rejection of an executory contract or unexpired lease of a Debtor and has not previously filed any such claim; and

g. any person or entity who asserts a claim arising from or relating to pending or threatened litigation against a Debtor.

**Parties Who Do Not Need to Submit a Prepetition Claim.** The following persons or entities holding prepetition claims against the Debtors shall not be required to file proofs of claim:

a. any Person or Entity that already has filed a signed proof of claim against the Debtors with the Clerk of the Court, in a form substantially similar to Official Form 410;

b. any Person or Entity whose claim is listed on the Schedules if: (i) the claim is not scheduled as any of "disputed," "contingent," or "unliquidated;" and (ii) such Person or Entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules;

c. any Person or Entity whose claim has previously been allowed by order of the Court;

d. any Person or Entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court or otherwise paid in full by the Debtors or any other party;

e. a current employee of the Debtors, if an order of the Court authorized the Debtors to honor such claim in the ordinary course of business as a wage or benefit; provided, however, that a current or former employee must submit a proof of claim by the General Bar Date for all other claims, including without limitation, claims for deferred compensation, wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claim;

f. any Person or Entity whose claim is based on an equity interest in the Debtors;

g. any current officer, director or manager for claims based on indemnification, contribution or reimbursement;

h. any Person or Entity holding a claim for which a separate deadline is fixed by this Court;

i. claims of professionals retained by the Debtors pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 328, 330, 331, 363 and 503(b) or 28 U.S.C. § 156(c) (collectively, the "Professional Claims");

j. any Person or Entity holding a Claim payable to the Court or the United States; Trustee Program pursuant to 28 U.S.C. § 1930; including, for the avoidance of doubt,

  any Administrative Claims asserted by the U.S. Trustee for statutory fees required to be paid by the Debtors; and

k. any person or entity whose claim is allowable under section 503(b) and section 507(a)(2) of the Bankruptcy Code as an administrative expense (other than a claim arising under section 503(b)(9) of the Bankruptcy Code).

  **Instructions for Filing Proofs of Claim for Prepetition Claims.** Any person or entity asserting a prepetition claim against the Debtors **MUST** abide by the following procedures and requirements in preparing and filing proofs of claim: (i) proofs of claim must be (a) submitted on the Claim Form (attached as **Exhibit 1** to the Bar Date Order) or Official Form B410 and (b) written in the English language, denominated in U.S. dollars, specify the name and case number of the Debtor against whom the claim is asserted, set forth the legal and factual bases for the claim, include supporting documentation or an explanation for why supporting documentation is not available, and be signed under penalty of perjury by the claimant or the claimant's attorney or authorized agent; and (ii) if he claimant asserts a claim or claims against more than one Debtor, the claimant must file a separate proof of claim against each applicable Debtor.

  A proof of claim may be filed (i) electronically through the Clerk of Court's website at: https://ecf.deb.uscourts.gov/cgi-bin/autoFilingClaims.pl, or (ii) by first-class mail, overnight delivery service, or hand delivery at the following addresses: (a) to Counsel for Debtors: Nelson Mullins Riley & Scarborough, LLP Attn: Dylan G. Trache, Esq., 101 Constitution Avenue, NW, Suite 900, Washington, D.C. 20001; or (b) to the Clerk of Court: United States Bankruptcy Court, Attn:  Claims, 824 Market Street, 3rd Floor, Wilmington, DE 19801 A claim must be submitted **so as to be actually received** on or before the applicable Bar Date. Proofs of claim sent by means other than as described above will not be accepted.

  **Consequences of Failing to Timely File Your Claim.** Pursuant to the Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

A. **YOU WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS AND THEIR PROPERTY (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);**

B. **YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND**

C. **YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN FOR THE DEBTORS ON ACCOUNT OF THE BARRED CLAIM OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.**

  THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THE DEBTORS BELIEVE YOU HAVE A CLAIM.

**Additional Information.** Copies of the Debtors' Schedules, the Bar Date Order, and certain other pleadings, orders, and notices, and other information regarding the chapter 11 case are available for inspection free of charge on the Debtors' website at **https://cases.creditorinfo.com/dmk**. Filings in the chapter 11 case also are available for a fee at the Court's website at **www.deb.uscourts.gov/.** A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at **https://www.pacer.gov.** Documents filed in this case also may be examined between the hours of 8:00 a.m. and 4:00 p.m. (prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Court, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you have any questions relating to this notice, please contact the Debtors' Noticing Agent, BMG Group, Inc., at (888) 909-0100 or at DMK@bmcgroup.com.

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any claim as to the nature, amount, liability, or classification thereof; (b) subsequently designate any claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

| | |
|---|---|
| Dated:  March 22, 2024<br>Wilmington, Delaware | GELLERT SCALI BUSENKELL & BROWN LLC<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE 3933)<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 425-5800<br>Facsimile: (302) 425-5814<br>E-mail: mbusenkell@gsbblaw.com<br><br>- and -<br><br>Lee B. Hart *(Admitted Pro Hac Vice)*<br>Adam D. Herring *(Admitted Pro Hac Vice)*<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>201 17th Street NW, Suite 1700<br>Atlanta, GA 30363<br>Telephone: (404) 322-6000<br>Facsimile: (404) 322-6050<br>E-mail:  lee.hart@nelsonmullins.com<br>             adam.herring@nelsonmullins.com |

- and -

Dylan G. Trache *(Admitted Pro Hac Vice)*
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 689-2800
Facsimile: (202) 689-2860
E-mail:  dylan.trache@nelsonmullins.com

- and -

Rachel A. Sternlieb *(Admitted Pro Hac Vice)*
NELSON, MULLINS, RILEY & SCARBOROUGH LLP
1400 Wewatta Street, Suite 500
Denver, CO 80202
Telephone: (303) 853-9900
Facsimile: (303) 583-9999
E-mail: rachel.sternlieb@nelsonmullins.com

***Counsel to the Debtors in Possession***