**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DMK PHARMACEUTICALS CORP., *et al.*,[1] | Case No. 24-10153 (MFW) (Jointly Administered) |
| Debtors. | Re: D.I. 186, 209 |

**DEBTORS' REPLY IN FURTHER SUPPORT OF MOTION
TO ENFORCE THE AUTOMATIC STAY**

DMK Pharmaceuticals Corporation ("DMK"), and its affiliated debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), submit their reply in further support of their Motion to Enforce the Automatic Stay [D.I. 186] (the "Motion") and in response to the *pro se* objection thereto filed by Jerald Hammann [D.I. 209] (the "Hammann Objection" or the "Objection").[2] In support hereof, Debtors respectfully state as follows:

## INTRODUCTION

A substantial portion of Hammann's Objection is but a recitation of his version of the facts underlying the Hammann Litigation and Appeal, much of which is irrelevant for purposes of the instant Motion.[3] The Delaware Chancery Court's detailed factual findings are set forth in

---

[1] The Debtors in these Chapter 11 cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 50 Division Street, Suite 501, Somerville, NJ 08876, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert, Scali, Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] The Debtors deny and refute Hammann's broad arguments in opposition to the Debtors' statements relating to this Court's jurisdiction over the matter, this being a core proceeding, and notices.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*Hammann v. Adamis Pharm. Corp.,* No. 2021-0506-PAF, 2023 WL 5424109, at *2 – 3 (Del. Ch. Aug. 23, 2023). Irrespective of the underlying facts, the merits, or the strengths and weaknesses of Hammann's Appeal, the Objection necessarily fails as it fails to consider and comport with the central purposes of the automatic stay – to provide debtors breathing room to reorganize and to ensure that no one creditor is preferred over any of the others. Hammann erroneously contends that because none of the Debtors are named in the Appeal, it is not subject to the automatic stay. But this overly simplistic view of the scope of the automatic stay is inconsistent with governing law and does not take into account the Estates' interests in the D&O Policy and DMK's indemnification obligations under the Company's governing Bylaws, separate and apart from any obligation under the D&O Policy. Indeed, if the Hammann Appeal is allowed to proceed and if the Directors and Officers are barred from recovering their defense costs under the D&O Policy, the proceeds of which are assets of Debtors' estates, such would give rise to a post-petition indemnification obligation, separate and apart from any indemnification obligation for the underlying claims if Hammann prevails. As such, the Debtors respectfully submit that for the reasons herein as well as those set forth in its Motion, a stay of the Hammann Appeal is warranted and would best serve the interests of and be consistent with the purposes of the Bankruptcy Code's automatic stay.

## ARGUMENT AND AUTHORITIES

1. Hammann's Objection misses the mark and disregards the goals of the automatic stay, particularly in the context of its application to litigation involving non-debtors which affects a debtor's bankruptcy estate and interferes with its reorganization efforts. His argument rests on a fundamental misunderstanding of the scope of the automatic stay's protections. And omitted entirely from the Objection is any recognition or discussion of DMK's indemnification obligations

under the Bylaws and the effect of same on the Debtors' estate if the Hammann Appeal is not stayed.

2.  First, Hammann contends, in an overly simplistic view contends that "[b]ecause the Hammann Appeal is not against the Debtor, the [the automatic stay pursuant to 11 U.S.C. § 362(a)] does not apply[.]" Hammann Obj., at ¶ 17. The scope of the automatic stay, however, is not always such a simplistic black and white determination as he views it. The *Kaiser Grp. Int'l, Inc. v. Kaiser Aluminum & Chemical Corp.,* court explained that "[t]he protection of the automatic stay extends to any action or proceeding against an interest of the debtor." *Kaiser Grp. Int'l, Inc. v. Kaiser Aluminum & Chemical Corp. (In re Kaiser Aluminum Corp., Inc.),* 315 B.R. 655, 658 (D. Del. 2004). The law is clear that the scope of the automatic stay "is **not** determined solely by whom a party chose to name in the proceeding, but rather, by who is the party with a real interest in the litigation." *Id.* (citing *Maaco Enterprises, Inc. v. Corrao,* 1991 WL 255132, *2 (E.D.Pa. Nov. 25, 1991) ("The automatic stay provision applies to suits against non-debtor defendants who are related to the debtor and to suits the resolution of which may have a significant impact on the debtor")) (emphasis added).

3.  The underlying purpose of the automatic stay is two-fold: (1) to provide debtors with breathing room to reorganize, and (2) to ensure equal and consistent treatment among creditors of the same class so that no one creditor is preferred over any of a debtor's other creditors. *See* H.R.Rep. No. 95–595, at 340 (1977); *see also* S.Rep. No. 95–989, at 49, 54–55 (1978). Courts routinely cite these purposes underlying the automatic stay when applying it to non-debtors. *See, e.g., Maaco Enters., Inc. v. Corrao,* No. 91–3325, 1991 WL 255132, at *2 (E.D. Pa. Nov. 25, 1991) (citing legislative history describing the broad application of the stay and holding that the stay "applies to suits against non-debtor defendants who are related to the debtor and to suits the

resolution of which may have a significant impact on the debtor."); *Lomas Fin. Corp. v. Northern Trust Co. (In re Lomas Fin. Corp.),* 117 B.R. 64, 67–68 (S.D.N.Y.1990) (allowing debtor's participation in lawsuit "would contravene the congressional intent of an automatic stay"); *Sudbury, Inc. v. Escott (In re Sudbury, Inc.),* 140 B.R. 461, 464 (Bankr. N.D. Ohio 1992) (citing the purpose of the stay and noting that "Plaintiffs' actions would violate the spirit" of § 362). In giving effect to the purposes of the automatic stay, courts have declined to elevate form over substance.

4. Hammann's argument that because the Debtors aren't named parties to the Appeal, it is not violative of the automatic stay does just that – elevates form over substance. The pertinent inquiry here is not who the named parties are, but rather, who is the *real* party in interest in the Hammann Appeal? There can be no question that DMK is the real party in interest in the Appeal. The conduct underlying the Hammann Litigation and thus, the Appeal stems from alleged conduct by the former Directors and Officers and one current Director in their capacities as such for the Company. As a result, the Company has an obligation to tender defense under the D&O Policy, and it also has a separate indemnification obligation to the Directors and Officers under the Bylaws. *See* Mot., **Ex. D**, at p. 18 (Art. XI, § 43(a)). The impact of both is ultimately and directly felt by the Debtors' estates even though Hammann omitted the Company as a party to the Appeal. As discussed in the Motion, the Company has an obligation to tender defense under the D&O Policy which will lead to the depletion of insurance proceeds that may be available for other creditors of the Debtors' estates

5. In a similar attempt to circumvent the automatic stay, the plaintiff in *Kaiser* named the debtor's insurance company as a defendant in an action and omitted the debtor from same. Like Hammann does here, the plaintiff in *Kaiser* argued that, as a result, the automatic stay did not

apply. *Kaiser Grp.* 315 B.R., at 657. Both the bankruptcy and district courts rejected this argument reasoning that the scope and application of the automatic stay was not controlled by which party is named in the litigation, but instead, who the real party in intertest is. *Id.,* at 658. For the same reasons that the *Kaiser* court rejected the plaintiff's argument, so too should the Court reject Hammann's here. Such an argument would effectively elevate form over substance, which would be inconsistent with the intended purpose of the automatic stay.

6. Next, Hammann's attempt to distinguish *In re SN Liquidation, Inc. v. Icon Int'l, Inc.*, 388 B.R. 579 (Bankr. D. Del. 2008) from the instant case is misguided. His argument misinterprets both the proposition for which the case was cited by the Debtors, as well as the holding thereof. Contrary to Hammann's argument otherwise and as noted in the Motion, the *SN Liquidation* court determined that proceeds of a D&O Policy *were* property of the estate and depletion of those proceeds from payment of defense costs would adversely affect the debtor's estate. *See* Mot., at ¶ 38 (citing *SN Liquidation*, 388 B.R at 584). The same holds true here. The D&O Policy proceeds are property of the Debtors' estates and absent a stay of the Hammann Appeal, the depletion of those remaining D&O Policy proceeds from the payment of defense costs will detrimentally harm the Debtors' estates and their creditors and have the practical effect of preferring some creditors over others.

7. Hammann also misinterprets the holding of that case to mean that application of the automatic stay to the Hammann Appeal requires a showing of "potential preclusive effect against the Debtors that could result from resolution of the Hammann Appeal." Hammann Obj., at ¶ 19. This is not a correct reading of the holding of *SN Liquidation* and of the controlling law on the subject. In applying the automatic stay to a suit against the debtor's officers and directors, the *SN Liquidation* court explained that apart from the collateral estoppel concerns, the "more

compelling reason for finding that the automatic stay applies relates to a critical tenet of bankruptcy, namely a stay protects creditors from more diligent creditors and facilitates the equitable treatment of creditors." *Id.,* at 585 (citation omitted). As discussed in detail in Debtors' Motion, allowing Hammann to proceed with the Appeal would be contrary to that critical tenet as it would have the effect of preferring the creditors involved therein over the Debtors' other unsecured creditors. *See* Mot., at ¶¶ 43 – 44.

8. Additionally, Hammann's argument disregards the generally accepted principle that certain "unusual circumstances" warrant applying the § 362(a)(1) stay to proceedings against a non-debtor defendant where such an application furthers the purposes behind the stay, which include (1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; **or** (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party. *See In re Am. Film Techs., Inc.,* 175 B.R. 847, 851 (Bankr. D. Del. 1994) (citing *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986); and *In re Lomas Financial Corp.,* 117 B.R. 64 (S.D.N.Y.1990)); *see also In re Uni-Marts, LLC*, 404 B.R. 767, 781 (Bankr. D. Del. 2009) (citing same); *In re Jefferson Cnty., Ala*., 491 B.R. 277, 289 (Bankr. N.D. Ala. 2013).

9. Here, DMK's indemnification obligation to the Directors and Officers is a clearly defined duty under the Bylaws, which is a sufficient basis to enforce the automatic stay in the Hammann Appeal. In fact, courts have held that the mere "possibility" of a right of indemnification is sufficient for a finding of "unusual circumstances" justifying application of the automatic stay to a proceeding in which the debtor is not a named defendant. *See Robert Plan Corp. v. Liberty Mut. Ins. Co.*, No. 09–CV–1930JS, 2010 WL 1193151, at *4 (E.D.N.Y. Mar. 23, 2010) ("given

the possibility that the Officers had such an absolute right [of indemnification], the Bankruptcy Court properly protected the estate by staying the contempt case"); *see also In re Fiddler's Creek, LLC*, No. 9:10–bk–03846–ALP, 2010 WL 6618876, at *5 (Bankr. M.D. Fla. Sept. 15, 2010) (existence of "potential" indemnity and contribution claims was sufficient to apply unusual circumstances exception).

10. And, as this Court has explained, "[t]he broader rule here is that a debtor's stay may extend to a non-debtor only when necessary to protect the debtor's reorganization. The threatened harm may be to needed debtor funds (*e.g.,* when non-debtors are entitled to indemnification)[.] … The question is whether the action against the non-debtor is sufficiently likely to have a material effect upon … reorganization effort[s], that debtor protection requires an exception to the usual limited scope of the stay." *Uni-Marts,* 404 B.R. at 781 (quoting *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999)) (internal quotations omitted). Unlike the *Uni-Mart* case, the Hammann Appeal does pose a substantial risk to the Debtors' reorganization in that it risks dissipation of a substantial amount of the estates' resources – both as to the remainder of the D&O Policy limits and DMK's indemnification obligations under the Bylaws. As such, the risks posed by allowing the Hammann Appeal to continue warrant application of the automatic stay.

11. Allowing the Hammann Appeal to proceed would therefore circumvent the purposes of the automatic stay and interfere with the Debtors' reorganization efforts.

## **CONCLUSION**

WHEREFORE, for the reasons set forth in the Motion and herein, the Debtors respectfully request that the Court enter an Order declaring that (a) the D&O Policy proceeds constitute assets of the Debtors' estates; (b) the automatic stay applies to and prohibits the continuation or prosecution of the Hammann Appeal; and (c) granting such further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: April 4, 2024<br>Wilmington, Delaware | GELLERT SCALI BUSENKELL & BROWN LLC<br><br>*/s/ Michael Busenkell*<br>Michael Busenkell (DE 3933)<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: (302) 425-5812<br>Facsimile: (302) 425-5814<br>E-mail: mbusenkell@gsbblaw.com<br><br>- and -<br><br>Lee B. Hart (*Admitted Pro Hac Vice*)<br>Adam D. Herring (*Admitted Pro Hac Vice*)<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>201 17th Street NW, Suite 1700<br>Atlanta, GA 30363<br>Telephone: (404) 322-6000<br>Facsimile: (404) 322-6050<br>E-mail: lee.hart@nelsonmullins.com<br>         adam.hering@nelsonmullins.com<br><br>- and -<br><br>Dylan G. Trache (*Admitted Pro Hac Vice*)<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>101 Constitution Avenue, NW, Suite 900<br>Washington, D.C. 20001<br>Telephone: (202) 689-2800<br>Facsimile: (202) 689-2860<br>E-mail: dylan.trache@nelsonmullins.com<br><br>- and -<br><br>Rachel A. Sternlieb (*Admitted Pro Hac Vice*)<br>NELSON, MULLINS, RILEY & SCARBOROUGH LLP<br>1400 Wewatta Street, Suite 500<br>Denver, CO 80202<br>Telephone: (303) 853-9900<br>Facsimile: (303) 583-9999<br>E-mail: rachel.sternlieb@nelsonmullins.com<br><br>***Counsel to the Debtors in Possession*** |