IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DMK PHARMACEUTICALS CORP., *et al.*,[1] | Case No. 24-10153 (MFW) (Jointly Administered) |
| Debtors. | |

**DECLARATION OF DISINTERESTEDNESS OF K&L GATES LLP PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Brian Novak, make this declaration (this "Declaration") under penalty of perjury:

1. I am a Partner of K&L Gates LLP, located at 1 Park Plaza, Twelfth Floor, Irvine, California, 92614 (the "Company").

2. DMK Pharmaceuticals Corporation and its affiliated debtors, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide Legal services including but not limited to patent and trademark counselling services to the Debtors, namely DMK Pharmaceuticals, and the Company has consented to provide such services.

3. The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these Chapter 11 Cases,[2] for persons that are parties in interest in the Debtors' Chapter 11 Cases. The Company does not perform services for any such person in connection with these Chapter 11 Cases or have any relationship with any such person, their attorneys, or accountants that would be adverse to the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four (4) digits of their federal tax identification numbers, are: (i) DMK Pharmaceuticals Corporation ("DMK") (9727) (ii) Adamis Corporation ("Adamis") (4912); (iii) Adamis Pharmaceuticals Corporation ("Adamis Pharma") (9663); (iv) Biosyn, Inc. ("Biosyn") (4982); (v) Rhombus Pharmaceuticals Corp. ("Rhombus") (6127); and (vi) US Compounding, Inc. ("USC") (7460) (collectively referred to as the "Debtors"). The Debtors' mailing address is: 11622 El Camino Real, Suite 100, San Diego, California 92130, with copies to Nelson Mullins Riley & Scarborough LLP, Attn: Lee Hart, Atlantic Station, Suite 1700, 201 17th Street NW, Atlanta, GA 30363; and Gellert Scali Busenkell & Brown LLC, Attn: Michael Busenkell, 1201 N. Orange Street, Suite 300, Wilmington, DE 19801.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

1

Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

4. As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

6. Neither I nor any principal, partner, director, officer of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

7. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") from counsel to the Debtors, which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the above-captioned chapter 11 cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. The Firm's review of such Interested Parties identified the following current representations of the following entities, which are creditors or affiliates of creditors in this case: Catalent Pharma Solutions, Inc.; Fortrea Inc.; FTI Consulting Inc.; FTI Consulting Australia Pty Ltd; Koch Industries, Inc.; Raymond James & Associates, Inc. and affiliates; Novartis International AG; and Novartis Vaccines & Diagnostics, Inc. All such active client relationships involve matters unrelated to the above-captioned bankruptcy case.

8.  The Firm does not perform services for any of the Interested Parties that relate to the Debtors or the above-captioned chapter 11 cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

9.  The Debtors owe the Company $126,910.19 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

10. I understand that the amount owed by any of the Debtors to the Company for prepetition services will be treated as a general unsecured claim, and, as such, the Company may file a proof of claim.

11. I further understand that this Declaration will not suffice as the Company's proof of claim.

12. As of February 2, 2024, which was the date on which the Debtors commenced these Chapter 11 Cases, the Company was not party to an agreement for indemnification with certain of the Debtors.

13. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 10, 2024

_____
BRIAN NOVAK